UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM § § § VERSUS § § § SCHINDLER ELEVATOR CORPORATION § | CIVIL ACTION NO. 5:19-cv-00124 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendants, Schindler Elevator Corporation ("Schindler"), files this Notice of Removal to the United States District Court of the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice of Removal").

### I. INTRODUCTION

1. On December 6, 2018, Plaintiff, Bexar County Hospital District d/b/a University Health System ("UHS") filed its Original Petition in the 131st Judicial District Court of Bexar County, Texas, styled *Bexar County Hospital District d/b/a University Health System v. Schindler Elevator Corporation*, Cause No. 2018CI23013 (the "Petition").

2. Plaintiff claims in its Petition that Schindler breached a contract with UHS. See, Petition, ¶ 9.

3. Plaintiff served Schindler by personal service on Schindler's registered agent for service of process on January 14, 2019.

### II. GROUNDS FOR REMOVAL

4. The Court has original jurisdiction over this action under 28 U.S.C. § 1332 by virtue of the parties' complete diversity of citizenship and the amount in controversy.

5. **Diversity of Citizenship**: There is complete diversity of citizenship among the parties to this action as required by 28 U.S.C. § 1332:

   a. *Plaintiff*: As alleged in its Petition, Plaintiff, UHS, as a political subdivision of the State of Texas, is a citizen of Texas. See, Petition, ¶ 2.

   b. *Defendant*: Defendant, Schindler, was, at the time of the filing of Plaintiff's Petition, and still is, a foreign corporation organized and existing under the laws of the State of Delaware, whose principal place of business is located in the State of New Jersey. In its Petition, UHS acknowledges that Schindler is a Delaware corporation with a principal of business in New Jersey. See, Petition, ¶ 3.

6. **Amount in Controversy**: The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Petition states that it is seeking monetary relief of over $1,000,000.00. See, Petition, ¶ 4. Thus, the amount in controversy in this action clearly exceeds $75,000.00, exclusive of interest and costs.

### III. REMOVAL IS PROPER

7. Removal is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

8. Schindler is the only Defendant in this action and so all Defendants consent to removal.

9. Accordingly, Schindler may remove this action to the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1441.

10. To the extent Plaintiff purports to assert state-law claims, the court may assert supplemental jurisdiction over such state-law claims pursuant to 28 U.S.C. § 1367.

### IV. VENUE IS PROPER

11. The United States District Court for the Western District of Texas, San Antonio Division, embraces the county in which the state court action is now pending. Thus, under 28 U.S.C. §§ 124(b)(2) and 1441(a), this Court is a proper venue for this action.

## V. REMOVAL IS TIMELY

12. UHS served Schindler by personal service on its registered agent, CT Corporation, on January 14, 2019. Schindler is filing this Notice of Removal within 30 days of the date it was served with notice of Plaintiff's lawsuit. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## VI. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

13. In accordance with 8 U.S.C. § 1446(a), Schindler has attached the following documents to this Notice of Removal: [6:17]

   a. **Exhibit A**: An index of all documents being filed as exhibits to this Notice of Removal, identifying each document by date and title;

   b. **Exhibit B**: True and correct copies of each document filed and served in the state court action as of the date and time that this Notice of Removal is being filed, except discovery materials (if any); and

   c. **Exhibit C**: A list of all counsel of record, including addresses, telephone numbers, email addresses, and parties represented.

14. Pursuant to Rule CV-3 of the Local Rules of the Western District of Texas, and the Western District of Texas's standing order on filing new and removed actions, Defendant is simultaneously filing herewith a completed JS 44 Civil Cover Sheet and a completed Supplemental JS 44 Civil Cover Sheet.

15. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being filed in the 131st Judicial District Court of Bexar County, Texas and served on the Plaintiff on the date of filing of this Notice of Removal.

## VII. OTHER MATTERS

16. **Jury Demand**: Plaintiff demanded a jury trial in the underlying state court action.

17. **Plaintiff's Pre-Removal Request for Disclosure**: It is settled law that once a

state-court action is removed, it is governed by federal, rather than state, procedure. *See* FED. R. CIV. P. 81(c). Indeed, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d); *see also* FED. R. CIV. P. 33(a), 34(b), 36(a) (absent leave of court or written stipulation, these forms of discovery "may not be served before the time specified in Rule 26(d)"). Thus, Plaintiff is barred from seeking or continuing to seek responses to its pre-removal discovery requests until the conditions precedent required by the Federal Rules of Civil Procedure have been satisfied. *See Riley v. Walgreen Co.*, 233 F.R.D. 496, 498-99 (S.D. Tex. 2005) (holding that pharmacy did not waive objections to pre-removal discovery by failing to assert objections to requests for production and request for admission within the time required by the Texas Rules of Civil Procedure).

18. The Court fee of $400.00 is being paid with this filing.

## VIII. **PRAYER**

WHEREFORE, Defendant, Schindler Elevator Corporation, prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Petition be removed from the 131st Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. Schindler further prays that this Court accept jurisdiction of this action and that it be placed on the Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. If any question arises as to the propriety of removal to this Court, Schindler requests the opportunity to present a brief and oral argument supporting removal.

**THE AUBERT LAW FIRM**

BY:     /s/ *Christopher J. Aubert*
CHRISTOPHER J. AUBERT, T.A.
State Bar of Texas No. 24054867
Email: caubert@aubertlaw.com
DAVID M. GOLD
State Bar of Texas No. 24053891
Email: dgold@aubertlaw.com
222 North Vermont Street
Covington, Louisiana 70433
Telephone: (985) 809-2000
Facsimile:  (985) 809-2001
ATTORNEYS FOR SCHINDLER
ELEVATOR CORPORATION

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Defendant's Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following counsel, by operation of the Court's electronic filing system, on this 12th day of February, 2019:

Brian C. Boyle, Esquire
LIGHTFOOT, FRANKLIN & WHITE, LLC
1885 Sant James Place, Suite 1150
Houston, Texas 77056
Telephone: (713) 960-1488
Email: bboyle@lightfootlaw.com

Robert J. "Jay" Sewell, Esquire
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Email: jsewell@lightfootlaw.com
ATTORNEYS FOR PLAINTIFF

      /s/ *Christopher J. Aubert*
      CHRISTOPHER J. AUBERT