UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEXAR COUNTY HOSPITAL DISTRICT | § | |
| d/b/a UNIVERSITY HEALTH SYSTEM | § | |
| | § | CIVIL ACTION NO. 5:19-cv-00124 |
| VERSUS | § | |
| | § | |
| SCHINDLER ELEVATOR CORPORATION | § | |

## ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND COUNTERCLAIM

Defendant, Schindler Elevator Corporation ("Schindler"), answers the Original Petition (the "Complaint") filed against it by Plaintiff, Bexar County Hospital District d/b/a University Health System ("UHS"), as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations of Plaintiff's Complaint, Defendant avers as follows:

#### I.

Articles 1, 2, 4, 6, 7, 10, 48, and 49 are denied, as written, for lack of sufficient information upon which to justify a belief.

#### II.

In response to Article 3, Schindler admits only its status as a foreign business entity. All other allegations in Article 3 are denied, as written, for lack of sufficient information upon which to justify a belief.

III.

Articles 5, 8, 9, 12, 17, 18, 19, 22, 24, 25, 26, 28, 32, 33, 34, 36, 37 (including subparts a, b, c, d, e, f, g, h, and i), 38, 40, 41, 42, 43, 45, 46, and 47 and the Prayer (including subparts a, b, c, d, e, f, ,g , h, i, and j) are denied, as written.

IV.

Articles 11, 13, 14, 15, 16, 20, 21, 23, 27, 29, 30, and 31 require no response from Schindler as they simply set forth various provisions of the contract between the parties. In an abundance of caution however, to the extent Plaintiff asserts Schindler violated its contract with Plaintiff, Schindler denies the allegations, as written.

V.

In response to Articles 35, 39, and 44, Schindler re-alleges and re-avers all of its responses to the other allegations in Plaintiff's Complaint, as well as its affirmative defenses, as if the same were pled at length *in extenso* herein.

VI.

Any other Articles in the Plaintiff's Complaint, not otherwise responded to above, are herby denied, as written, for lack of sufficient information upon which to justify a belief.

**THIRD DEFENSE**

Schindler contends that the contract was missing essential terms and is unenforceable to that extent.

**FOURTH DEFENSE**

Schindler was fraudulently induced into agreeing to repairs which Plaintiff contends were necessary but were not.

## FIFTH DEFENSE

Schindler contends that conditions precedent for contract enforcement remain outstanding preventing Plaintiff from maintaining this litigation.

## SIXTH DEFENSE

Schindler affirmatively alleges that the circumstances surrounding the contract had changed dramatically and the contract became impracticable.

## SEVENTH DEFENSE

Plaintiff repudiated the subject contract prior to any breach by Schindler.

## EIGHTH DEFENSE

Plaintiff's actions amount to a waiver.

## NINTH DEFENSE

Both parties operated under a mutual mistake with respect to the performance of the subject contract.

## TENTH DEFENSE

Schindler operated under a unilateral mistake about the subject contract making it unenforceable.

## ELEVENTH DEFENSE

The parties entered into a novation with respect to the claimed repairs by Plaintiff and Schindler has not breached that agreement.

## TWELFTH DEFENSE

Plaintiff failed to mitigate its damages.

## THIRTEENTH DEFENSE

Plaintiff has sought to secure upgrades above and beyond simple maintenance repairs as part of this litigation.

## FOURTEENTH DEFENSE

Plaintiff failed to secure reasonable costs for repairs made on its elevators by a substitute contractor.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches or unclean hands.

## COUNTERCLAIM

AND NOW, in its position as Plaintiff in Counterclaim against UHS, Schindler avers as follows:

1.     Plaintiff in Counterclaim, Schindler Elevator Corporation, is a Delaware corporation, with its principal place of business located in Morristown, New Jersey.

2.     Defendant in Counterclaim, UHS, is, upon information and belief, a political subdivision of the State of Texas, with a principal place of business in the San Antonio, Texas.

3.     Schindler is a foreign business entity with a foreign principal place of business, while UHS is a Texas domestic governmental entity with a Texas principal place of business.

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, on the grounds of complete diversity between the parties.

5.     Schindler is contending it is owed $250,471.86 for unpaid maintenance and/or repair work by UHS. Accordingly, the minimum jurisdictional amount of this Court is satisfied.

6.     Schindler and UHS entered into a contract whereby Schindler would perform certain maintenance and repairs to elevators owned and/or controlled by UHS.

7.     Schindler performed maintenance and repair work for UHS throughout the term of the contract, including, but not limited to, March 1 through July 11, 2016.

8.     In about July 2016, UHS improperly repudiated the contract with Schindler.

9.     At the time of the repudiation of the contract by UHS, UHS owed Schindler a total of $250,471.86 for maintenance and repair work.

10.     Schindler properly performed its work and services according to the terms of the contract and is duly entitled to payment for its services rendered.

11.     Schindler has made amicable demand upon UHS to no avail.

12.     The terms of the contract between the parties entitle Schindler to attorney's fees, costs, and interest, in connection with its litigation efforts to collect on this debt.

13.     All conditions precedent to this suit have been exhausted.

14.     Schindler prays for all contract relief, quasi-contractual relief, and equitable relief as the nature of this case permits.

15.     Schindler prays for a trial by jury.

WHEREFORE, Defendant, Schindler Elevator Corporation, prays that this Answer and Counterclaim be deemed good and sufficient, and that, after due proceedings are had, there be judgment herein in favor of Counterclaimant, Schindler Elevator Corporation, and against Plaintiff, Bexar County Hospital District d/b/a University Health System, at Bexar County Hospital District d/b/a University Health System's cost; for an award of attorney's fees, costs, and legal interest in favor of Schindler Elevator Corporation; for a trial by jury of all issues of fact; and for such full, general, and equitable relief as the nature of the case may permit.

**THE AUBERT LAW FIRM**


BY:   /s/ *Christopher J. Aubert*
CHRISTOPHER J. AUBERT, T.A.
State Bar of Texas No. 24054867
Email: caubert@aubertlaw.com
DAVID M. GOLD
State Bar of Texas No. 24053891
Email: dgold@aubertlaw.com
222 North Vermont Street
Covington, Louisiana 70433
Telephone: (985) 809-2000
Facsimile:  (985) 809-2001
ATTORNEYS FOR SCHINDLER
ELEVATOR CORPORATION


## CERTIFICATE OF SERVICE

I certify that the foregoing Answer to Plaintiff's Original Petition and Counterclaim was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following counsel, by operation of the Court's electronic filing system, on this 12th day of February, 2019:

> Brian C. Boyle, Esquire
> LIGHTFOOT, FRANKLIN & WHITE, LLC
> 1885 Sant James Place, Suite 1150
> Houston, Texas 77056
> Telephone: (713) 960-1488
> Email: bboyle@lightfootlaw.com
>
> Robert J. "Jay" Sewell, Esquire
> The Clark Building
> 400 20th Street North
> Birmingham, Alabama 35203
> Telephone: (205) 581-0700
> Email: jsewell@lightfootlaw.com
> ATTORNEYS FOR PLAINTIFF


> /s/ *Christopher J. Aubert*
> CHRISTOPHER J. AUBERT